**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SCOTTSDALE INSURANCE COMPANY

Plaintiffs,

v.

LK CONSTRUCTION & DEVELOPMENT, INC., GORAN RADENKOVIC, and GORDANA RADENKOVIC,

Defendants.

Case No:

**COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by and through its undersigned attorneys, brings this Complaint for Declaratory Judgment against Defendants, LK CONSTRUCTION & DEVELOPMENT ("LK Construction"), and GORAN RADENKOVIC and GORDANA RADENKOVIC (the "Radenkovics"), and alleges and states as follows:

**STATEMENT OF THE CASE**

1. Scottsdale brings this declaratory judgment action to obtain a judicial declaration that it does not have the duty to defend or indemnify LK Construction in connection with a lawsuit brought by the Radenkovics in DuPage County, Illinois, encaptioned, *LK Construction & Development, Inc. v. Goran Radenkovic and Gordana Radenkovic*, 2021 CH 00118 ("Underlying Lawsuit"). The Underlying Lawsuit arises out of remodeling work performed by LK Construction in 2019 and early 2020 at the Radenkovics' home.

## THE PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona. Scottsdale is a surplus lines company and is not an admitted insurer in any jurisdiction in which it does business.

3. LK Construction is an Illinois corporation with its principal place of business in Cook County, Illinois.

4. The Radenkovics are Illinois citizens who reside in DuPage County, Illinois.

5. This Court has jurisdiction over all parties as they transact business in or are citizens of Illinois.

6. Venue is appropriate under 28 U.S.C. § 1391(b)(1), as Defendants reside in this district, the subject policy was issued and delivered in this district for an insured risk in this district, and the Underlying Lawsuit is pending in this district.

7. An actual justiciable controversy exists between Scottsdale, on the one hand, and LK Construction and the Radenkovics, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## SCOTTSDALE POLICIES

8. Scottsdale issued to LK Construction a commercial general liability insurance policy, No. CPS2976485, effective January 26, 2019 to January 26, 2020. That policy was renewed for the January 26, 2020 to January 26, 2021 policy period using policy No. CPS7072763. True and correct copies of the policies are attached hereto and incorporated herein as **Exhibit A** and **Exhibit B**, respectively.

9. Each of the policies contains the following pertinent provisions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for … "property damage" to which this insurance does not apply. …

* * *

**b.** This insurance applies to … "property damage" only if:

**(1)** The … "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

**(2)** The … "property damage" occurs during the policy period; …

* * *

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

… "[P]roperty damage" expected or intended from the standpoint of the insured. …

* * *

**j. Damage To Property**

"Property damage" to:

* * *

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

* * *

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in … "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to … "your work" after it has been put to its intended use.

* * *

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. …

* * *

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

* * *

**f. Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract ….

* * *

**SECTION V – DEFINITIONS**

* * *

**8.** "Impaired property" means tangible property, other than … "your work", that cannot be used or is less useful because:

**a.** It incorporates … "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of … "your work" or your fulfilling the terms of the contract or agreement.

* * *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury … arising out of one or more of the following offenses:

* * *

**b.** Malicious prosecution;

* * *

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

* * *

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. …

**b.** Loss of use of tangible property that is not physically injured. …

* * *

**22.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" …

**THE RADENKOVICS' COUNTERCLAIM IN THE UNDERLYING LAWSUIT**

10. The Radenkovics filed a Counterclaim in the Underlying Lawsuit. A true and correct copy of the Counterclaim is attached hereto and incorporated herein as **Exhibit C**.

11. The Radenkovics specifically allege in their Counterclaim that LK breached its work contract as a result of faulty workmanship, which in turn, caused a diminution of the house's value while also causing the Radenkovics to incur repair, replacement, and completion costs. They further allege that LK Construction failed to properly install numerous items in their home, failed to timely complete their work, overbilled for its work, and engaged in numerous deceptive practices as respects the work to be performed and invoicing.

12. The Radenkovics allege that LK Construction's practices "are immoral, unethical, oppressive, and unscrupulous, and demonstrate an unlawful practice of maximizing profits by deceiving consumers, ignoring consumers' legal rights, and profiting from the violation of law."

13. Count One of the Counterclaim sets forth a breach of contract cause of action, Count Two alleges a violation of Illinois' Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), and Count Three alleges Slander of Title. In particular, the Radenkovics allege in Count Three that LK Construction recorded a mechanic's lien against the Radenkovics' residence because the Radenkovics did not pay amounts allegedly owed to LK Construction – the Radenkovics

specifically allege that the mechanic's lien was false and malicious, and in turn, their title to their home was disparaged and clouded by a false and inaccurate mechanic's lien.

14. Scottsdale has denied any duty to defend or indemnify LK Construction in connection with the Underlying Lawsuit and the Radenkovics' Counterclaim.

**COUNT I – DECLARATORY JUDGMENT**
**NO DUTY TO DEFEND**

15. Plaintiff restates and realleges paragraphs 1-14 as though fully set forth herein.

16. With regard to Property Damage Liability Coverage under Coverage A, the Counterclaim does not allege "property damage" caused by an "accident," but rather, the natural and ordinary consequences of defective workmanship and the intentional deception and overbilling for services rendered. Moreover, the Counterclaim does not allege any physical damage to any part of the Radenkovics' home or any of their personal property.

17. The Illinois Consumer Fraud Act count of the Counterclaim contains no covered allegations because, by the very nature of the statute and in light of the falsity and malice allegations by the Radenkovics, none of the alleged damage may have been caused by an "accident."

18. Even assuming the Counterclaim alleged "property damage" caused by an "occurrence," Exclusion **a.** would preclude the duty to defend or indemnify LK Construction for any "property damage" that LK Construction expected or intended, including any damage that resulted from LK Construction's knowing failure to fulfill the terms of the work contract.

19. Even assuming the Counterclaim alleged "property damage" caused by an "occurrence," Exclusions **j.(5)** and **j.(6)** would preclude the duty to defend LK Construction for damage caused by LK Construction's ongoing operations, including any damage that could have been

remedied while LK Construction should have been completing the remodel of the Radenkovics' home.

20. Even assuming the Counterclaim alleged "property damage" caused by an "occurrence," Exclusion **l.** would preclude the duty to defend LK Construction for damage to LK Construction's own work, including any of the allegedly defective work.

21. Even assuming the Counterclaim alleged "property damage" caused by an "occurrence," Exclusion **m.** would preclude the duty to defend LK Construction for damage to "impaired property," as that term is defined in the Policies, and any property that has not been physically injured. This includes any work that LK Construction failed to complete under the work contract, as well as any defective work that could still be repaired or replaced simply by LK Construction fulfilling terms of its work contract or the removal or adjustment of LK Construction's faulty work.

22. With regard to Personal and Advertising Injury Liability Coverage under Coverage B, the Counterclaim does not satisfy the Policies' definition of "personal and advertising injury," as it does not set forth any slander or disparagement of a person's goods, products, or services. Nor does the Counterclaim satisfy the "malicious prosecution" definition of "personal and advertising injury."

23. Even assuming the Counterclaim alleged "personal and advertising injury", Exclusion **f.** would preclude the duty to defend LK Construction because the Slander of Title allegations, in particular, are premised entirely on alleged mutual breaches of contract by the Radenkovics and LK Construction. Hence, absent a work contract and the Radenkovics' failure to pay thereunder, there would have been no mechanic's lien or slander of title claim.

**COUNT II – DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY**

24. Plaintiff restates and realleges paragraphs 1-23 as though fully set forth herein.

25. Because Scottsdale has no duty to defend LK Construction against the Radenkovics' Counterclaim, it necessarily has no duty to indemnify LK Construction against the Counterclaim.

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A. Scottsdale has no duty to defend LK Construction under the Policies in connection with the Lawsuit and the Radenkovics' Counterclaim;

B. Scottsdale has no duty to indemnify LK Construction under the Policies in connection with the Lawsuit and the Radenkovics' Counterclaim;

C. Scottsdale is entitled to other relief that this Court deems just and equitable under the circumstances, including the award of costs.

DATE: December 2, 2022

Respectfully submitted,

By: /s/ Jonathan L. Schwartz
Attorney for Scottsdale Insurance Company

Jonathan L. Schwartz
Evan C. Saint Cloud
FREEMAN MATHIS & GARY, LLP
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: (773) 389-6640
Jonathan.Schwartz@fmglaw.com